IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD C. HENRY, | § | |
| SPN 00165973, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-11-3303 |
| | § | |
| FORT BEND COUNTY JAIL, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

While a detainee in the Fort Bend County Jail, plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983, seeking an order directing defendant Sheriff Milton Wright to provide him with access to a law library. (Docket Entry No.1). For the reasons to follow, the Court will dismiss with case with prejudice pursuant to 28 U.S.C.§ 1915(e)(2)(B).

Background

Public records show that at the time plaintiff filed the present suit, he had been charged with two counts of fraudulent use or possession of identifying information in cause numbers 11-DCR-056641 and 11-DCR-056642 in the 434th District Court of Fort Bend County, Texas.[1] An attorney was appointed on January 21, 2011, to represent plaintiff on these charges.[2]

Plaintiff indicates in his pleadings that a few days after he was initially confined in the Fort Bend County Jail, he requested to go the law library to research his case. (Docket Entry No.1). Plaintiff was informed that the Jail had no law library and that he should contact the chaplain. (*Id.*). The chaplain informed plaintiff that the Jail closed the law library years ago

---

[1] See http://tylerpaw.co.fort-bend.tx.us/CaseDetail.aspx?CaseID=1057446. (viewed November 7, 2011).

[2] *Id.*

because inmates had defaced the law books. (*Id.*). The chaplain refused plaintiff's request for three legal books and instructed plaintiff to ask his court-appointed attorney for the books. (*Id.*). Plaintiff also asked Sheriff Milton Wright for permission to go to the law library but Wright did not respond to his request. (*Id.*). On October 17, 2011, plaintiff entered a plea of guilty to the first count of fraud and the Court dismissed the second count.[3]

Plaintiff claims that defendant Wright and the Fort Bend County Jail have denied him access to the courts by denying him access to a law library in the Jail. (*Id.*).

## Discussion

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation

---

[3] *Id.*

2

of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

Prisoners, including pretrial detainees, have a constitutional right of adequate and meaningful access to the courts. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-23 (1976); *McDonald v. Stewart*, 132 F.3d 225, 230 (5th Cir. 1998). The right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. The right to access is not unlimited. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). The right encompasses only a "reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Johnson v. Rodriquez*, 110 F.3d 299, 310-311 (5th Cir. 1997) (quoting *Lewis*, 518 U.S. at 356).

To state a claim for denial of access to the courts, a plaintiff must state facts showing an "actual injury." *See Lewis*, 518 U.S. at 352-53 (holding that actual injury is a constitutional prerequisite to maintaining a claim involving denial of access to the courts). The inmate shows "actual injury" by establishing that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See id; Eason v. Thaler*, 73 F.3d

1322, 1328 (5th Cir. 1996) (noting that inmate must establish that his "position as a litigant was prejudiced by his denial of access to the courts"). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate basic constitutional rights" in a civil rights action. *Id.* at 353-54.

   Plaintiff alleges that defendants' denial of access to a law library and legal materials effectively prevented him from conducting legal research for his criminal case. (Docket Entry No.1). Plaintiff's pleadings and public records show that plaintiff was represented by court-appointed counsel. When a criminal defendant is represented by counsel, he has no constitutional right of access to a law library in connection with his criminal proceedings. *See Caraballo v. Federal Bureau of Prisons*, 124 Fed. Appx. 284, 285 (5th Cir. 2005) (federal inmate who had court-appointed counsel on direct appeal had no constitutional right of access to a law library in preparing his defense). Further, plaintiff fails to allege that he was deprived of an opportunity to present his relevant and non-frivolous issues to the state district court through his counsel; therefore, he fails to allege a "relevant actual injury" caused by the denial of access to the law library. Accordingly, plaintiff's complaint is frivolous and subject to dismissal.

## Conclusion

Based on the foregoing, the Court ORDERS the following:

1.  Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). All claims against all defendants are DENIED.

2.  All pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 12th day of December, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE